# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                   Case No. 17-30826-WRS
                                                        Chapter 7
LARRY WAYNE PARMLEY JR.,

    Debtor

## MEMORANDUM DECISION

This Chapter 7 case is before the Court on the Debtor's Objection to the Trustee's Final Report. (Doc. 67–Trustee's Final Report ("TFR") and Doc.70–Objection (amended at Doc. 79)). The matter was heard on February 13, 2018. For the reasons set forth below, the Debtor's Objection is OVERRULED and the Trustee's Final Report is APPROVED.

## I. FACTS

The Debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on March 22, 2017. (Doc. 1). The Debtor filed a complete set of Schedules and Statements with the Petition, including Schedule C, which is the Debtor's claim of exemptions. On April 27, 2017, the Trustee filed an Objection to the Debtor's Claim of Exemptions. (Doc. 16). The Debtor did not respond to the Trustee's Objection and, on May 23, 2017, the Court Sustained the Trustee's Objection, disallowing those claimed exemptions that were the subject of the Trustee's Objection. (Doc. 24). The Trustee did not object to all of the Debtor's claimed exemptions.

On June 5, 2017, the Trustee made an application to employ an auctioneer for the purpose of selling property of the estate, primarily that property relating to the claim of exemption and the Trustee's objection. (Doc. 26). The Court approved the Trustee's application on June 30, 2017. On July 11, 2017, the Trustee filed a motion to sell certain property of the estate. (Doc. 49). On

October 16, 2017, the Trustee filed a Report on the sale, indicating that she sold the property for $14,575.00.  (Docs. 55, 56).

On January 8, 2018, the Trustee filed her Final Report ("TFR"), which included a proposed distribution to creditors.  (Doc. 67).  The Debtor objected to the TFR, contending that he is allowed cash in lieu of his exemptions that had been disallowed.  (Docs. 70, 79).  The Court heard the Debtor's Objection on February 23, 2018.  The Court noted that the Debtor's Objection did not identify any exempt property that had been sold by the Trustee.  The gist of the Debtor's Objection is that he is entitled to some of the cash on hand because the Trustee sold exempt property.[1]  The Court allowed the Debtor 14 days to amend his objection to specifically identify any such property.   The Debtor filed an Amended Objection on March 2, 2018.  (Doc. 79).  The Debtor notes that he filed an Amended Schedule C, which purports to claim as exempt $6,700.00 held by the Trustee; however, the Amended Objection to the TFR does not identify any exempt property that was sold by the Trustee. (Doc. 75).

## II.  LAW

### A.  Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(A).  This is a final order.

---

[1]  The Debtor has been vague as to his position.  One might interpret his objection to be a rehash of the Trustee's Objection to the Debtor's Claim of Exemptions.  Another interpretation would be that the Debtor contended that the Trustee sold properly exempted property and that the cash proceeds should be paid to the Debtor.

### B. The Debtor's Objection to the TFR

### 1. The Nature of an Objection to a TFR

The Debtor raises two objections to the Trustee's Final Report. First, he contends that he is entitled to $6,700.00 of the cash on hand in the estate. Second, he objects to any distribution to Sheffield Financial. The Court will deal with these objections in turn in parts II(B)(2) and II(B)(3) below.

Before turning to the specifics of the objections, the Court notes a common theme running through the Debtor's objection. The Debtor is attempting to achieve, by way of an objection to the TFR, something that he could not or did not achieve during the pendency of the case. First, the Debtor makes no mention in his objection to the TFR that the Trustee objected to his claim of exemptions. The Debtor would have the Court overlook the fact that it has ruled on the question as to his entitlement to exemptions. Second, the Debtor made no objection to the claim of Sheffield Financial during the pendency of the case. Rather, he now seeks disallowance of the claim by way of an objection to a TFR rather than by way of an objection to the claim itself.

The Trustee's Final Report is the result of the culmination of a number of administrative tasks. 11 U.S.C. § 704(a)(9) If the TFR is approved, cash is distributed pursuant to the proposed distribution. Once the property of the estate is liquidated, the claims of creditors are determined, and the debtor's claim of exemption is determined, the Trustee may then determine how the property of the estate is to be distributed. This is governed primarily by 11 U.S.C. § 726. The TFR is the Trustee's Report as to what she has done to date and, further, it is her determination

Case 17-30826    Doc 87    Filed 05/30/18    Entered 06/05/18 15:44:07    Desc Main
Document      Page 3 of 8

as to how § 726 governs distribution in this case. A party in interest who believes that the Trustee has misapplied the dictates of § 726 to the case is given the opportunity to object. One may not use an objection to a TFR to relitigate an issue previously lost or to litigate for the first time an issue that should have been litigated on the merits during the pendency of the case.[2]

### 2. The $6,700.00 in Cash

The question here is whether the Debtor is entitled to $6,700.00 in cash held by the Trustee, which she proposes to distribute to creditors by way of her TFR. The subject property, which was sold by the Trustee, was property of the Debtor at the time he filed bankruptcy. However, the Trustee objected to the Debtor's Claim of Exemption and the Debtor did not defend against her objection. Accordingly, the Court disallowed the Debtor's claim of exemption. (Doc. 24). Comparing the Trustee's Objection to Claim of Exemption (Doc. 16) with the list of property sold by the Trustee, it appears that the Trustee sold only property on which a claim of exemption had been disallowed. (Doc. 67).[3]

A brief review of Chapter 7 bankruptcy procedures will be beneficial here. At the time a debtor files a petition in bankruptcy, all of his property becomes property of the estate. 11 U.S.C. § 541. To mitigate the harshness of a forced sale of the debtor's property, a debtor is permitted to exempt certain property from the estate. 11 U.S.C. § 522; *Schwab v. Reilly*, 560 U.S. 770, 774

---

[2] The Debtor's objection illustrates both of these misdeeds. First, the Debtor lost an objection to his claim of exemptions, yet he seeks to relitigate that issue here. Second, the Debtor did not object to the claim of Sheffield Financial, yet he seeks to do so here through the back door. This second misdeed is particularly pernicious here because, if the Court were to disallow Sheffield's claim, it would be doing so without notice to Sheffield or having allowed it the opportunity to respond.

[3] For example, a 2004 GMC Truck, a 1997 Chevrolet Truck, a 2005 BJS Trailer, a bedroom suite, etc.

-4-

(2010). A debtor does this by filing Schedule C with the Court. Fed. R. Bankr. P. 4003(a) and 1017(b). The trustee and parties in interest may object to a debtor's claim of exemption. Fed. R. Bankr. P. 4003(b). The burden of proof is on the objecting party. Fed. R. Bankr. P. 4003(c). Where, as here, a Trustee files an objection to a claim of exemption, it is subject to the Court's negative notice procedures. Local Bankruptcy Rule 9007-1(a)(6). Under the Local Rule, the Debtor has 21 days to respond. If he fails to respond, the Court may rule on the objection without further notice or hearing. In this case, the Debtor did not respond to the Trustee's Objection to his Claim of Exemption; therefore, the Court sustained the objection.

The Trustee proceeded to hire an auctioneer and sell certain Debtor's property. The Debtor now seeks to claim as exempt some of the cash proceeds realized from the sale of his property. The Debtor overlooks the fact that the Court previously sustained the Trustee's objection to his claim of exemption. The Debtor may not claim as exempt the cash proceeds of the property on which he previously lost a claim of exemption. Once the Debtor lost his claim of exemption on his property, the fact that the Trustee changed the form of the property from various items of chattel to cash does not somehow resurrect his right to claim an exemption previously lost. If the Debtor had timely controverted the Trustee's objection, he may have preserved more of his property, but he did not. Once the Court's order sustaining the Trustee's Objection to the Debtor's claim of exemption became final, he was bound by that determination. *In re Tobkin*, 638 Fed. Appx. 822 (11th Cir. 2015); *In re McFarland*, Case No. 11-10218, 2016 WL 953147, *3-7 (S.D. Ga. Mar. 7, 2016) (holding that an order on an objection to claim of exemption is preclusive, or has *res judicata* effect); *In re Garrett*, 158 B.R. 859 (Bankr. M.D. Fla. 1993). The Debtor does not get a second bite at the apple by waiting for the Trustee to close

the estate and make a renewed claim of exemption on cash proceeds from the sale of property previously lost in an exemption contest. Even if the Court were to reconsider its ruling on the Trustee's Objection to the Debtor's Claim of Exemption, the Debtor has not shown any reason why this Court's Order of May 23, 2017, sustaining the Trustee's Objection, was in error.

The Debtor notes in his Amended Objection (Doc. 79) that the Trustee misspoke at the February 16, 2018 hearing when she stated that no claim of exemption was made on Schedule C. The Court corrected that mistake at the hearing, noting that the Debtor had in fact filed a Schedule C Claim of Exemption (Doc. 1), but the Trustee had objected (Doc. 16) and the Court has sustained the objection (Doc. 24). What the Trustee should have stated was that the property which had been sold by the Trustee was property which had either been claimed as exempt but disallowed or not claimed as exempt in the first place. The Trustee's misstatement is not fatal to her case.

The Debtor's Amended Objection further states that "Your Honor went further to state that if the Debtor claimed the personal exemption of $7,500.00, whether in cash or property, he should be entitled to said exemption." (Doc. 79, para. 7). The Debtor misunderstood the Court's discussion at the February 16, 2018 hearing. The Court did not state that the Debtor was necessarily entitled to any exemption. Rather, the Court indicated that if the Debtor could identify any property sold by the Trustee, which the Debtor had properly claimed as exempt and which had not been disallowed, then the Debtor was entitled to the cash proceeds. The difficulty with the Debtor's Objection is that it speaks only in generalities. If the Debtor had been able to identify one specific article of property that was exempt but had been sold by the Trustee, the Court would allow the Debtor those cash proceeds. However, the Debtor has failed to do so.

-6-

The Debtor's Objection to the TFR, insofar as he seeks $6,700.00, can be construed in one of two ways. First, it may simply be a back door attempt to relitigate the Trustee's Objection to the Debtor's claim of exemption. In that case, the objection is precluded by this Court's Order of May 23, 2017. (Doc. 21). Second, if the Debtor had shown that the Trustee improperly sold exempt property, the Debtor would be entitled to receive the cash proceeds of the sale. In effect, the Trustee would have sold the Debtor's property and not property of the estate. The point of allowing the Debtor 14 days to amend his objection was to allow him an opportunity to identify any such property. As he failed to do so, his objection is overruled. Regardless of which way the Debtor's objection is construed, his objection is overruled.

### 3. The Sheffield Financial Claim

The Debtor argues that Sheffield Financial should not be allowed any distribution on its claim because he received a Form 1099-C from Sheffield. The Court need not address the question as to whether the issuance of a Form 1099-C, suggesting that the creditor has canceled the debt, means that its claim in bankruptcy is released. Rather, the Court notes that Sheffield Financial has filed a proof of claim. (Claim No. 2). The Trustee objected to the claim. (Doc. 54). The Court sustained the objection and allowed Claim No. 2 of Sheffield Financial as unsecured. (Doc. 62).

The Debtor did not object to the claim of Sheffield Financial. Properly filed claims of creditors are allowed, unless an objection is filed and sustained. 11 U.S.C. § 502(a). In this case, the Trustee objected to Sheffield's claim as a secured claim and it was allowed as an unsecured claim. Even if the Debtor's contention had merit, his failure to timely object to Sheffield's claim

is fatal here. In making her distribution, the Trustee may not overlook an allowed proof of claim. The Debtor's objection, insofar as he contends that no distribution should be made to Sheffield, is without merit.

### III. CONCLUSION

Once the Debtor lost the contest on his claim of exemption as to his property, he was bound by that determination. That the Trustee subsequently sold the property, converting it to cash, did not give the Debtor a second chance to claim the property as exempt. If a Trustee were to sell exempt property, through inadvertence or design, the Debtor would be entitled to the cash proceeds of the sale. However, the Debtor here has not identified any exempt property that was sold by the Trustee. Rather, the property sold by the Trustee was that property which was the subject of her objection and determined not to be exempt. The Debtor's contention that no distribution should be made to Sheffield Financial is without merit as Sheffield has a properly allowed unsecured claim. For these reasons, the Debtor's Objection to the TFR is not well taken. The Court will, by way of a separate order, overrule the Debtor's Objection and approve the Trustee's Final Report.

Done this 30th day of May, 2018.

*/s/ William R.*

United States Bankruptcy Judge

c: Carly B. Wilkins, Trustee
   Gary Alan Smith, Attorney for Debtor